IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 2:13-cr-00291

RETSYN DESHAWN OWENS

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Retsyn Deshawn Owens's pro se Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act. [ECF No. 18]. For the reasons that follow, the motion is **DENIED without prejudice**.

## I.    Background

On December 27, 2013, Judge Thomas E. Johnston revoked Defendant Owens's supervised release and sentenced him to 24 months imprisonment to run consecutive to Defendant's sentence in Criminal Action: 2:13-cr-00088. [ECF No. 7].   In Criminal Action: 2:13-cr-00088, [ECF No. 39] (Jan. 2, 2014), Judge Johnston sentenced Mr. Owens to 151 months imprisonment followed by three years supervised release for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Mr. Owens is currently serving his sentence of imprisonment at Federal Correction Institute Loretto Camp in Cresson, Pennsylvania. Mr. Owens now asks the court for compassionate release because of the current public health crisis caused by COVID-

19. [ECF No. 18]. On May 29, 2020, this case was reassigned from the docket of Judge Johnston to myself. [ECF No. 19].

## II.     Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i). Though some district courts have waived Section 3582's exhaustion requirement because of the COVID-19 pandemic,[1] the majority of district courts have found that failure to exhaust administrative remedies is a death knell to a defendant's request for compassionate release.[2]  I recently held in agreement with

---

[1] *See e.g.*,*United States v. Paul Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020) (finding that the exhaustion requirement should be waived as undue delay in defendant's release could result in catastrophic health consequences for him in light of his underlying health conditions and the COVID-19 pandemic); *United States v. Jones*, Criminal No. 3:11cr249-MHL, ECF No. 47 (E.D. Va. Apr. 3, 2020) (finding that the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" justified waiver of the exhaustion requirement); *United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that the defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [Metropolitan Correctional Center], justifies waiver of the exhaustion requirement," because the defendant had "less than three weeks remaining on his sentence" and suffered "severe side effects" from two surgeries); *United States v. Calvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (finding that "all three exceptions to the exhaustion requirement apply to Defendant's request").

[2] *See e.g.*, *United States v. Wright*, No. 17 CR 695 (CM), 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Feiling*, No. 3:19 CR 112 (DJN), 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020); *United States v. Underwood*, No. CR TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); *United States v. Sundblad*, No. CV 6:16-CR-00047-JMC, 2020 WL 1686237, at *2 (D.S.C. Apr. 7, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020);

the majority of courts, finding that a defendant must exhaust his or her administrative remedies before motioning this court. *United States v. Thompson*, --- F.Supp.3d---, No. 2:18-CR-00105, 2020 WL 2121371, at *4 (S.D.W. Va. May 5, 2020). I adopt and incorporate my reasoning in *Thompson* here. *See id.*

Mr. Owens has not exhausted his administrative remedies by filing a request with BOP and waiting the requisite 30 days for a response. In his motion, Mr. Owens attached a request for compassionate release which he sent to the Warden on May 18, 2020. Accordingly, I do not reach the merits of Mr. Owens's motion for compassionate release. The motion is **DENIED without prejudice** for failure to exhaust administrative remedies, which means he is not barred from bringing the motion again after he has exhausted administrative remedies.

III.   Conclusion

Defendant's motion for compassionate release, [ECF No. 18], is **DENIED without prejudice.** The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        May 29, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

*United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart*, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778. at *1 (S.D.N.Y. Mar. 24, 2020).